United States District Court
Southern District of Texas

**ENTERED**

March 24, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PODLASEK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-03047 |
| | § | |
| CBIZ INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court are Defendants' Motion to Abate (Doc. #15)[1], Plaintiff's Response (Doc. #25), and Defendants' Reply (Doc. #26).  The Court heard oral arguments on January 29, 2026. Having considered the parties' written and oral arguments and the applicable legal authorities, the Court denies the Motion to Abate.

This case arises from a dispute concerning the valuation of Plaintiff Christopher Podlasek's ("Plaintiff") 1.5% equity interest in AmeriTex Holdings LLC ("AmeriTex").  Doc. #20.  Plaintiff alleges that Defendants CBIZ, Inc. and CBIZ MAG LLC (collectively, "Defendants") helped carry out a scheme to undervalue his equity interest.  *Id.* at 17.  On June 30, 2025, Plaintiff filed suit in this Court asserting claims against Defendants for (1) knowing participation in a breach of fiduciary duty, (2) civil conspiracy to breach fiduciary duty, and (3) professional negligence.  Doc. #1; Doc. #20.  On August 11, 2025, Defendants filed a Motion to Abate.  Doc. #15.  In the Motion

---

[1] Defendants styled the filing as a Motion to Abate and Motion to Dismiss Plaintiff's Complaint. Doc. #15.  Thereafter, Plaintiff filed a First Amended Complaint (Doc. #20) and Defendants filed a new Motion to Dismiss directed at the First Amended Complaint (Doc. #24).  Accordingly, the Motion to Dismiss contained in Defendants' earlier filing (Doc. #15) is DENIED as MOOT.

to Abate, Defendants alerted the Court that a related case was pending in the 456th Judicial District Court of Guadalupe County, Texas, Cause No. 24-1723-CV-E (the "State Action"). *Id.* at 5. Ameritex initiated the State Action against Plaintiff on July 2, 2024. Doc. #15, Ex. 1 at 2. On October 3, 2024, Plaintiff filed counterclaims against Ameritex and others for failure to pay Plaintiff the "fair value" of his equity interest. *Id.* at 9, 19. Notably, the Defendants in this case are not parties to the State Action. *See* Doc. #15, Ex. 1.

On August 11, 2026, Defendants moved to abate this case, arguing that the Court should exercise its discretion and abate this case until the conclusion of the State Action. Doc. #15 at 2. Plaintiff opposes abatement, arguing that the two actions are not parallel because they involve different parties, different claims, and different remedies. Doc. #25 at 8. The decision to stay a case pending related litigation in state court is a matter of judgment for the Court and is reviewed for an abuse of discretion. *New England Ins. Co. v. Barnett*, 561 F.3d 392, 394 (5th Cir. 2009). Under the *Colorado River* abstention doctrine, a district court may abstain from a case only under "exceptional circumstances." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236 (1976). The *Colorado River* abstention is applied to avoid duplicative litigation when parallel proceedings are pending in federal and state court. *See Diamond Offshore Co. v. A & B Builders*, 302 F.3d 531, 538–40 (5th Cir.2002). Federal and state court actions are parallel under the doctrine if they involve the same parties and the same issues. *See id.* at 540.

Here, Defendants are not involved in the State Action. This fact alone defeats Defendants' abstention argument. *BP Am. Prod. Co. v. R.D. Briscoe, Inc.*, No. CIV A 08-1895, 2009 WL 2849528, at *3 (W.D. La. Sept. 2, 2009) (denying motion to abate where party in the federal action was not involved in the state court action). Furthermore, the Court concludes that the state and federal actions are not sufficiently parallel to justify abatement. In the State Action, Plaintiff

asserts a breach of contract claim against AmeriTex, an entity that is not party to this case. Doc. #25 at 8. By contrast, this action is brought against CBIZ, Inc. and CBIZ MAG LLC and asserts claims for knowing participation in a breach of fiduciary duty, civil conspiracy to breach fiduciary duty, and professional negligence. Doc. #20 at 20–25. These distinctions preclude a finding that the proceedings are sufficiently parallel to warrant abatement. *See Colorado River*, 424 U.S. at 813, 96 S.Ct. at 1244 (describing abstention as an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it").

For the foregoing reasons, Defendants' Motion to Abate (Doc. #15) is DENIED. Furthermore, Defendants' Motion to Dismiss (Doc. #15) is DENIED as MOOT.

It is so ORDERED.

**MAR 2 3 2026**
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

3