United States District Court
Southern District of Texas
**ENTERED**
September 11, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PODLASEK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-03047 |
| | § | |
| CBIZ INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court are Plaintiff Christopher Podlasek's ("Plaintiff") First Amended Complaint (Doc. #20), Defendants CBIZ, Inc. and CBIZ MAG LLC's, (collectively, "CBIZ" or "Defendants") Motion to Dismiss (Doc. #24), Plaintiff's Response (Doc. #27), and Defendants' Reply (Doc. #28). Having considered the parties' arguments and the applicable legal authorities, the Court grants Defendants' Motion to Dismiss.

## I. Background

### a. Factual Background

This case arises from the valuation of Plaintiff Christopher Podlasek's equity interest in AmeriTex Holdings LLC ("AmeriTex"). Doc. #20. Plaintiff was the Chief Financial Officer of AmeriTex from 2018 until his resignation in January 2023. *Id.* at 3–4, 20. Plaintiff held a 1.5% non-voting equity interest that was established in November 2021 through an executed Second Amendment to AmeriTex's LLC Agreement (the "LLC Agreement"). *Id.* at 8. In August 2023, Plaintiff raised the possibility of withdrawing his equity interest. *Id.* at 11. Plaintiff alleges that Kevin Thompson ("Thompson"), AmeriTex's Founder, Chairman, Managing Member and Chief Financial Officer, then proposed amendments to the LLC Agreement that would have changed the

standard for repurchasing a member's interest from "fair value" to "fair market value" and would have further provided Thompson with the authority to expel members. *Id.* at 11–12. Plaintiff declined to sign the proposed amendments to the LLC Agreement. *Id.* at 12.

On October 9, 2023, Plaintiff formally withdrew from AmeriTex. *Id.* Plaintiff alleges that, under the operative LLC Agreement, AmeriTex was required to pay him the "fair value" of his 1.5% equity interest within 30 days of his withdrawal. *Id.* AmeriTex's outside counsel, Kelly Hart & Hallman LP ("Kelly Hart") engaged Marcum LLP ("Marcum") to value Plaintiff's equity interest. *Id.* Thomas Murphy ("Murphy"), an AmeriTex director and a Managing Director of M&A Capital Holdings, LLC ("M&A Capital") was involved in the engagement, and Nicole Carnation ("Carnation"), a Managing Director at M&A Capital, provided Marcum with AmeriTex's financial projections. *Id.* at 6, 10, 16.

Plaintiff alleges that Carnation initially provided Marcum with financial projections that were consistent with projections that AmeriTex had previously provided to credit rating agencies and supported an enterprise valuation exceeding $2 billion. *Id.* at 16. Plaintiff claims that the projections later changed. *Id.* On February 5, 2024, Carnation provided Marcum with updated financial information reflecting AmeriTex's performance through January 2024. *Id.* at 17. Plaintiff alleges that Marcum initially resisted and insisted that the forecast should reflect management's expectations as of the November 3, 2023, valuation date and information "known or knowable" as of that date. *Id.* On February 12, 2024, Carnation provided Marcum a new financial projection claiming to reflect an "updated expectation as of the environment on November 2nd." *Id.* Plaintiff alleges that the revised projections reduced AmeriTex's projected

revenue by approximately $1.1 billion and reduced EBITDA[1] by more than $600 million between 2024 and 2028. *Id.* at 18. Marcum subsequently used the revised projections in its valuation of Plaintiff's equity interest. *Id.* On April 29, 2024, AmeriTex provided Plaintiff with Marcum's evaluation report. *Id.* The report valued AmeriTex at approximately $789 million as of November 3, 2023. *Id.* at 19. Plaintiff alleges that that the valuation substantially understated the value of his 1.5% interest and caused him tens of millions of dollars in damages. *Id.*

**b. Procedural Background**

Plaintiff originally pursued his claims in Texas state court. On October 3, 2024, he filed suit in the 456th District Court of Guadalupe County, Texas, Cause No. 24-1723-CV-E, against AmeriTex, Kevin Thompson, Thomas Murphy, and M&A Capital Holdings, LLC (the "State-Court Action"). Doc. #24, Ex. 2. Plaintiff asserted claims for breach of contract, tortious interference with contract, money had and received, breach of fiduciary duty against Thompson, and aiding and abetting breach of fiduciary duty against Murphy and M&A Capital. *Id.* Plaintiff subsequently filed a Notice of Nonsuit in the State-Court Action, dismissing certain claims, including his claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty. Doc. #24, Ex. 3 at 2.

On June 30, 2025, while the state-court action was pending, Plaintiff filed an action in this Court against Defendants CBIZ Inc. and CBIZ MAG LLC (collectively, "CBIZ" or "Defendants"), invoking diversity jurisdiction. Doc. #1. Plaintiff alleges that CBIZ assumed Marcum's relevant business and liabilities and that CBIZ is liable for Marcum's conduct in connection with the

---

[1] "EBITDA" stands for earnings before interest, taxes, depreciation, and amortization, and is one way of measuring a company's cash flow. *Royal Ten Cate USA, Inc. v. TT Inv'rs, Ltd.*, 562 Fed. Appx. 187, 188 n.1 (5th Cir. 2014).

valuation. Doc. #20 at 5. On September 2, 2025, Plaintiff filed his First Amended Complaint, the live pleading. Doc. #20. Plaintiff asserts claims against Defendants for (1) knowing participation in a breach of fiduciary duty; (2) civil conspiracy to breach fiduciary duty; and (3) professional negligence. *Id.* at 20–25. On September 16, 2025, Defendants moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). Doc. #24.

## II. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint need not contain 'detailed factual allegations'; rather, it need only allege facts sufficient to 'state a claim for relief that is plausible on its face.'" *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663. "Significantly, a complaint may proceed even if 'recovery is very remote and unlikely,' so long as the alleged facts 'raise a right to relief above the speculative level.'" *Littell*, 894 F.3d at 622 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In evaluating the complaint, the Court takes "the well-pleaded factual allegations in the complaint as true" but does "not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). The Court may also consider the complaint's "proper attachments," and documents incorporated into the complaint by reference. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

## III. Analysis

### a. Knowing Participation and Civil Conspiracy

Defendants move to dismiss Plaintiff's claims for knowing participation in and conspiracy to breach fiduciary duty. Doc. #24. Defendants argue that both claims are derivative of an underlying breach of fiduciary duty and therefore cannot survive after Plaintiff non-suited his state-court claim against Thompson for that alleged breach. *Id.* at 10–12. Under Texas law, both knowing participation in a breach of fiduciary duty and civil conspiracy are derivative theories of liability. *See Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 284 (Tex. App.—Tyler 2021, pet. denied) (describing a claim for knowing participation in a breach of fiduciary duty as "a derivative tort."); *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 640 (5th Cir. 2007) (noting that, "[u]nder Texas law, civil conspiracy is a derivative tort."). A knowing-participation claim requires an underlying breach of fiduciary duty in which the third party knowingly participates. *Dockside Marine, L.L.C. v. Walker*, No. 09-23-00047-CV, 2024 WL 3220404, at *8 (Tex. App.—Beaumont June 27, 2024, no pet.). Similarly, civil conspiracy depends on an "underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex.1996).

Here, the only breach-of-fiduciary duty claim Plaintiff asserted was against Thompson in the State-Court Action. Doc. #24, Ex. 2 at 29–30. Specifically, Plaintiff alleged that Thompson breached fiduciary duties he owed to Plaintiff in connection with the valuation of Plaintiff's equity interest. *Id.* In the State-Court Action, Plaintiff also asserted claims against Murphy and M&A Capital for aiding and abetting a breach of fiduciary duty. *Id.* at 27–31. However, on July 22, 2025, Plaintiff voluntarily nonsuited those claims in the State-Court Action. Doc. #24, Ex. 3 at 2. Therefore, Plaintiff no longer seeks to hold Thompson or any other named defendant liable for the

alleged breach of fiduciary duty. Moreover, Plaintiff does not allege in this case that Defendants owed him the fiduciary duties breached by Thompson. *See* Doc. #20. Instead, Plaintiff seeks to impose liability on Defendants based on their alleged participation in the purported breach by Thompson. *See id.* Accordingly, Defendants' liability under these theories is necessarily derivative of Thompson's conduct.

Plaintiff cannot maintain derivative claims against Defendants based on an alleged breach for which he no longer seeks to hold any defendant liable. *See Meadows*, 492 F.3d at 640 (explaining that "if a plaintiff fails to state a separate underlying claim on which the court may grant relief" derivative tort claims also fail). Because Plaintiff has abandoned the only underlying breach-of-fiduciary-duty claim against a named defendant, his claims for knowing participation in a breach of fiduciary duty and civil conspiracy to breach fiduciary duty fail as a matter of law. *See id.* Accordingly, the Court dismisses these claims.

**b. Professional Negligence**

Next, Defendants argue that Plaintiff's professional-negligence claim fails because Defendants owed Plaintiff no legal duty. Doc. #24 at 12–13. Under Texas law, to establish a professional negligence claim, a plaintiff must demonstrate that the defendant owed him a legal duty. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 314 (5th Cir.2002) ("To establish liability for professional negligence, the plaintiff must show the existence of a duty, a breach of that duty, and damages arising from the breach."). The legal duty underlying a claim of professional negligence is the duty "to exercise the degree of care, skill, and competence that reasonably competent members of the profession would exercise under similar circumstances." *Averitt v. PriceWaterhouseCoopers L.L.P.*, 89 S.W.3d 330, 334 (Tex.App.-Fort Worth 2002, no pet.). "Because the professional's legal duty arises out of the contract for

professional services, it runs only to those who are in privity with the professional." *SC & E Admin. Services, Inc. v. Deloitte*, No. A-05-CA-929-SS, 2006 WL 6747974, at *7 (W.D. Tex. July 25, 2006) (internal citation omitted).

In this case, Plaintiff alleges that Marcum was retained by Kelly Hart to perform the valuation. Doc. #20 at 12. Plaintiff does not allege that he retained Marcum or otherwise had a contractual relationship with Marcum. *See* Doc. #20. Because Plaintiff has not alleged facts establishing that Marcum owed him the professional duty on which his negligence claim depends, he has not plausibly stated a claim for professional negligence against Marcum. *See SC & E Admin. Services, Inc.*, 2006 WL 6747974, at *9 ("Plaintiffs have not alleged any facts to suggest they had any kind of contractual relationship with Milliman, [so] their claims for professional negligence necessarily fail."). Moreover, because Plaintiff's claims against Defendants are premised on Defendants' alleged assumption of Marcum's relevant business and liabilities, Plaintiff likewise has not plausibly alleged that Defendants owed him that duty. Accordingly, Plaintiff's professional negligence claim is dismissed.

## IV. Conclusion

In conclusion, Defendants' Motion to Dismiss (Doc. #24) is GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE. All other pending motions are DENIED as MOOT. The Court will enter a separate final judgment.

It is so ORDERED.

SEP 1 0 2026

Date

The Honorable Alfred H. Bennett
United States District Judge